Below is an Opinion of the Court.

RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case |
| | ) No. 06-31932-rld13 |
| ROBERT E. GOSS, | ) |
| | ) MEMORANDUM OPINION |
| Debtor. | ) |

On March 13, 2009, I heard evidence and argument at the final evidentiary hearing (the "Hearing") on 1) the Motion for Relief from Stay ("Stay Motion") filed by Candace M. Goss ("Ms. Goss") to pursue collection of her state court property division judgment against her former husband, the debtor Robert E. Goss ("Mr. Goss"); and 2) Mr. Goss's objections (collectively, "Claim Objections") to Claim Nos. 11 and 14 filed by Ms. Goss in Mr. Goss's chapter 13 case.[1] Following the Hearing, I allowed the parties until April 17, 2009 to file supplemental memoranda in support of their respective positions, and thereafter, I took the Stay Motion and the Claim Objections under submission.

In deciding these contested matters, I have considered carefully the testimony presented and exhibits admitted at the Hearing, as well as the arguments of counsel presented orally and in their memoranda filed with the court. I also have taken judicial notice of the docket and documents filed in Mr. Goss's chapter 13 case for the purposes of ascertaining the timing and status of events in the case and facts not reasonably in

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure ("FRBP"), Rules 1001-9037.

Page 1 - MEMORANDUM OPINION

dispute. Federal Rule of Evidence 201; In re Butts, 350 B.R. 12, 14 n.1 (Bankr. E.D. Pa. 2006). I further have reviewed applicable legal authorities beyond those cited to me by the parties. In light of that consideration and review, this Memorandum Opinion sets forth the court's findings of fact and conclusions of law under FRCP 52(a), applicable with respect to these contested matters under FRBP 9014 and 7052.

### Factual Background

Unfortunately, the matters before me are only the latest battles in a long-term domestic relations war between the parties. Mr. and Ms. Goss were married for approximately 25 years. Mr. Goss filed a separation petition that ultimately ripened into a marital dissolution proceeding ("Marital Dissolution Proceeding") with the Deschutes County, Oregon Circuit Court ("Circuit Court") on August 20, 2004. Before trial in the Marital Dissolution Proceeding, Mr. Goss filed a petition under chapter 13 of the Bankruptcy Code on July 5, 2006. Docket No. 1.

On August 18, 2006, Ms. Goss filed a motion for relief from stay ("First Stay Motion") to allow the Marital Dissolution Proceeding to proceed before the Circuit Court. Docket No. 16. Mr. Goss opposed the First Stay Motion, arguing that all property issues between him and Ms. Goss had been resolved by a property settlement agreement that he proposed to assume in his chapter 13 plan. He admitted in his response to the First Stay Motion that Ms. Goss had "an unliquidated claim for attorney's fees in the divorce case." Docket No. 21, at p. 2.

Following an evidentiary hearing before Judge Perris on September 5, 2006, relief from stay was granted. Docket No. 46. The order, entered on September 14, 2006, provided that relief from stay immediately was granted "to complete dissolution of [marriage] proceedings in the...Circuit Court...on all issues." Docket No. 48.

Mr. Goss's chapter 13 plan, dated December 28, 2006 (the "Plan"), provides that nonpriority unsecured creditors "will receive a minimum 100% of their claims" plus "interest of 3% from the time of confirmation." Docket No. 53, at pp. 2-3. The Plan term is 60 months. Id. at p. 3. The Plan was confirmed by order entered on January 22, 2007. Docket No. 54. Ms. Goss did not appeal the confirmation order. The minimum 100% payment provision, plus interest, of the Plan for nonpriority unsecured creditors has not

Page 2 - MEMORANDUM OPINION

been modified.

Following a trial ("Trial") in the Marital Dissolution Proceeding on September 3, 2008, Circuit Court Judge A. Michael Adler entered a General Judgment of Dissolution of Marriage and Money Awards on November 25, 2008, including a property division judgment ("Property Division Judgment") in favor of Ms. Goss against Mr. Goss in the amount of $181,080. See Exhibit 1, at pp. 1, 8. Thereafter, in December 2008, Judge Adler entered a Supplemental Judgment and Money Award Re: Attorney fees and Costs, awarding $32,046.55 (the "Attorney Fees Judgment") in favor of Ms. Goss against Mr. Goss. See Exhibit 2.

Following the Trial, Judge Adler prepared and sent to the parties' counsel a letter, dated September 23, 2008 ("Judge's Letter"), explaining in part the basis for his judgments. See Exhibits A and 4. Judge Adler found the following with respect to the parties' relative earning capacity and incomes:

> Wife suffers from a permanent disability which limits her earning capacity to that of minimum wage. Husband is self employed with his own automobile repair business. Although it is somewhat difficult to determine husband's income due to his accounting practices over the past several years, the credible evidence presented supports a finding that the husband's income is $60,000 per year.

Judge's Letter, Exhibit A, at p. 1. Based upon a property distribution table showing values and distributions (see Exhibit 4), Judge Adler awarded Ms. Goss an "equalizing judgment" in the amount of $181,080 and required that it be paid no later than December 31, 2008. See Exhibit A, at p. 1. With respect to attorneys fees, Judge Adler made the following findings and conclusions:

> The court finds that the attorney fees incurred by wife in this case have been increased significantly due to the husband's conduct in this litigation, causing significant delay and increased attorney fees. Therefore, the court finds that the husband shall be required to pay one half of wife's attorney fees incurred in this case. This amount shall be determined pursuant to ORCP 68.

Exhibit A, at p. 2. To date, Mr. Goss has paid no part of the Property Division Judgment or the Attorney Fees Judgment to Ms. Goss.

On February 2, 2009, counsel for Ms. Goss filed two proofs of claim in her behalf: Claim No. 11 is identified as a claim secured by real property in the amount of $181,080 and is identified as a "Money award--Dissolution Judgment." Claim No. 14 is identified as an unsecured priority claim and domestic support obligation in the amount of $37,054.55 from a "Spousal and Child Support--Dissolution Judgment."

Page 3 - MEMORANDUM OPINION

Also, on February 2, 2009, Ms. Goss filed the Stay Motion to enforce the Property Division Judgment "and perhaps to enforce support arrearages from debtor's property or income." See Docket Nos. 78 and 79.

Mr. Goss responded to the Stay Motion on February 13, 2009, asserting that there were no support arrearages and objecting to Ms. Goss's claims. See Docket No. 81. On February 19, 2009, Mr. Goss objected to Ms. Goss's Claim No. 11, accepting the amount of the claim but asserting that it should be treated as unsecured. See Docket No. 83. On the same date, he objected to Ms. Goss's Claim No. 14, again accepting the amount of the claim, but asserting that it should be treated as nonpriority unsecured. See Docket No. 82.

I scheduled the Hearing at a preliminary hearing on the Stay Motion on February 24, 2009.

## Jurisdiction

I have core jurisdiction to decide the Stay Motion and the Claim Objections under 28 U.S.C. §§ 1334 and 157(b)(2)(B), (G) and (O).

## Issues

1) Should the Property Division Judgment claim be allowed as a claim secured against Mr. Goss's real property?

2) Should relief from stay be granted to allow Ms. Goss to enforce the Property Division Judgment claim?

3) Should the Attorney Fees Judgment be treated as a claim?

4) Is Mr. Goss's objection to the Attorney Fees Judgment claim ripe for determination?

## Discussion

a) Objection to Claim No. 11

Mr. Goss raises three objections to treating Ms. Goss's Property Division Judgment claim as secured:

> 2. The creation of a post-judgment lien on Debtor's real property violated the automatic stay and is thus void;
> 3. The underlying debt upon which the Claimant's judgment lien is based was a pre-petition debt and not excepted from discharge, therefore, the lien did not attach;
> 4. The creation of a post-judgment lien on Debtor's real property was the equivalent of converting an unsecured claim into a secured claim, thereby constituting an avoidable preferential transfer....

Debtor's Supplemental Brief Re Objection to Claims 11 and 14, Docket No. 95, at p. 1.

Page 4 - MEMORANDUM OPINION

Mr. Goss's objections reflect a misunderstanding as to how marital dissolution property claims that are unresolved on the date of a bankruptcy filing are treated. It is a fundamental interpretive principle in bankruptcy that "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." Butner v. United States, 440 U.S. 48, 54 (1979).

Mr. Goss initiated the Marital Dissolution Proceeding in 2004, almost two years prior to his chapter 13 bankruptcy filing. Under Oregon law, when the Marital Dissolution Proceeding was filed, the property of each spouse in the marital community was subject to a vested, but inchoate claim of the other spouse.

> There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held. Subsequent to the filing of a petition for annulment or dissolution of marriage or separation, <u>the rights of the parties in the marital assets shall be considered a species of coownership, and a transfer of marital assets under a judgment of annulment or dissolution of marriage or of separation entered on or after October 4, 1977, shall be considered a partitioning of jointly owned property</u>.

Oregon Revised Statutes § 107.105(1)(f) (emphasis added); Engle and Engle, 646 P.2d 20 (Or. 1982). Consequently, at the time of Mr. Goss's bankruptcy filing, the property interests of the Gosses were "vested but subject to subsequent definition." White v. Bell (In re White), 212 B.R. 979, 983 (10th Cir. BAP 1997).

As noted above, Judge Perris granted relief from stay to the Gosses "to complete dissolution of [marriage] proceedings in the...Circuit Court...on all issues." In the general dissolution of marriage judgment subsequently entered by the Circuit Court, Mr. Goss was awarded title to the residence and business real properties listed in his bankruptcy schedules (see Exhibit 1, at p. 7), but Ms. Goss was awarded the Property Division Judgment (see Exhibit 1, at p. 8). Under Oregon law, the Property Division Judgment became a lien on the subject real properties upon its entry by the Circuit Court. See Oregon Revised Statutes § 18.150. Ms. Goss's prepetition inchoate co-ownership interest in the real properties was converted through entry of the Property Division Judgment into a secured claim.

This result was authorized by Judge Perris's order granting relief from the automatic stay. Thus, there is no violation of the stay. Since the Property Division Judgment created a new property interest in place of the prepetition co-ownership interest, I am dealing neither with a prepetition claim nor a preferential transfer. See, e.g., Farrey v. Sanderfoot, 500 U.S. 291, 299 (1991). I conclude that Ms. Goss's claim for

Page 5 - MEMORANDUM OPINION

payment of the Property Division Judgment is secured, and Mr. Goss's objection to Claim No. 11 is not well taken. I will overrule Mr. Goss's objection to Claim No. 11.

b) Relief from Stay will not be granted at this time

Ms. Goss has moved for relief from stay for cause because the Property Division Judgment was due and payable in full by December 31, 2008, and no part of the Property Division Judgment has been paid. She further argues that she has the right to collect support arrearages, and she needs the money that she could collect from Mr. Goss to pay her attorneys fees generated in the Marital Dissolution Proceeding.

Mr. Goss testified that he is current in paying his support obligations, and no evidence was submitted to contradict that testimony. He further testified that he generates the income to fund his Plan and support payments from his automotive repair business that he operates on the business property on which Ms. Goss would execute the Property Division Judgment lien if she were granted relief from stay. There is evidence in the record tending to suggest that there is enough equity in Mr. Goss's real property to pay the Property Division Judgment. See, e.g., Exhibit 4. However, Mr. Goss testified that he was not sure in the current real estate market whether his business real property was even sellable, and it might end up in the hands of the bank.

Section 362(d)(1) provides that, "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay...such as by terminating, annulling, modifying, or conditioning such stay---(1) for cause, including the lack of adequate protection of an interest in property of such party in interest." "Cause" for granting relief from stay is not defined in the Bankruptcy Code. The nonexclusive listing of forms of potential relief ("such as by terminating, annulling, modifying, or conditioning" the stay) underlines the discretion of the court in crafting an order tailored to the particular circumstances of the case before it. See 3 Collier on Bankruptcy ¶ 362.07[1] (15th ed. rev. 2009).

Mr. Goss testified that if he lost his business property to execution by his wife, he would have to shut down his automotive repair business, and he would have no source of income to make his Plan or support payments. On the other hand, in the Marital Dissolution Proceeding that has been pending since August 20, 2004, as noted above, the Property Division Judgment was due and payable in full by December 31, 2008,

Page 6 - MEMORANDUM OPINION

and no part of it has been paid.  After more than four years of litigating with Mr. Goss in the Marital Dissolution Proceeding, Ms. Goss has obtained the Property Division Judgment, and she is ready for closure. However, also as noted above, there is evidence that there is equity in Mr. Goss's real property adequate to pay the Property Division Judgment, and if some time is allowed for the real estate market to improve, Ms. Goss may continue to receive support payments <u>and</u> Plan payments (as discussed below) and ultimately, receive payment in full of the Property Division Judgment as well.

Mr. Goss's confirmed Plan makes no provision for payment of Ms. Goss's secured judgment lien claim.  "Absent some action by the representative of the bankruptcy estate, liens ordinarily pass through bankruptcy unaffected...."  <u>County of Ventura Tax Collector v. Brawders (In re Brawders)</u>, 503 F.3d 856, 867 (9th Cir. 2007).  <u>Work v. County of Douglas (In re Work)</u>, 58 B.R. 868, 871 (Bankr. D. Or. 1986) ("Since Plaintiffs[ ] made no provision for the Defendant's lien in their plan, the residence which vested in Plaintiffs after confirmation remains subject to Douglas County's lien.").  In light of those authorities, since the Property Division Judgment lien will "ride through" completion of the Plan, I find that as long as Mr. Goss's Plan is not modified to Ms. Goss's disadvantage, her lien will be adequately protected over the slightly more than two years remaining before the deadline for completing the Plan.

In these circumstances, I do not find "cause" to grant relief from stay at this time and will deny the Stay Motion, without prejudice to renewal if Mr. Goss becomes delinquent in his support payments or seeks to modify the Plan to the detriment of Ms. Goss.

c)  <u>The Attorney Fees Judgment is a "Claim"</u>

In Creditor-Wife's Supplemental Memorandum-Following 03/13/2009 Hearing (Docket No. 105, at pp. 2-5), Ms. Goss argues that the Attorney Fees Judgment should not be treated as a "claim" in Mr. Goss's bankruptcy case because it did not arise prepetition.

A bankruptcy "claim" is broadly defined in relevant part in § 101(5)(A) as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured...."  It is true that any claim that either of the Gosses had to an award of attorney fees in the Marital Dissolution Proceeding was not

Page 7 - MEMORANDUM OPINION

determined until Judge Adler entered the Attorney Fees Judgment in December 2008. So, until that time any such claim was both inchoate and unliquidated. However, that does not mean that Ms. Goss did not have a prepetition claim for attorney fees for purposes of § 101(5)(A).

The Marital Dissolution Proceeding was filed on August 20, 2004. Oregon Revised Statutes § 107.105(1)(j) provides:

> Whenever the court renders a judgment of marital annulment, dissolution or separation, the court may provide in the judgment:...(j) For an award of reasonable attorneys fees and costs and expenses reasonably incurred in the action in favor of a party or in favor of a party's attorney.

Accordingly, from the prepetition date that the Marital Dissolution Proceeding was filed, Ms. Goss had a potential claim for attorney fees and costs clearly recognized under Oregon law.

In the Judge's Letter, Judge Adler stated that his award of attorney fees to Ms. Goss "shall be determined pursuant to ORCP 68." Judge's Letter, Exhibit A, at p. 2. ORCP 68C(2)(a) provides that, "A party seeking attorney fees shall allege the facts, statute or rule that provides a basis for the award of such fees in a pleading filed by that party." The parties' pleadings in the Marital Dissolution Proceeding were not submitted as exhibits at the Hearing. However, since Judge Adler awarded the Attorney Fees Judgment to Ms. Goss "pursuant to ORCP 68," I infer that Ms. Goss made a claim for an award of attorney fees in her pleadings filed in the Marital Dissolution Proceeding. Mr. Goss admitted as much in his response to the First Stay Motion, when he asserted that Ms. Goss had "an unliquidated claim for attorney's fees in the divorce case." Docket No. 21, at p.2. In addition, in spite of counsel's argument that Ms. Goss's proofs of claim were filed "at the insistence of debtor's counsel" (Docket No. 105, at p. 2), the fact remains that Ms. Goss's attorney filed Claim No. 14 in her behalf for allowance of a claim in the amount of $37,054.55 as a priority claim in Mr. Goss's bankruptcy case. Based on the record before me, I conclude that the award of attorney fees to Ms. Goss in the Attorney Fees Judgment is appropriately treated as a "claim" in Mr. Goss's chapter 13 bankruptcy case.

/ / /

/ / /

Page 8 - MEMORANDUM OPINION

d) The issue as to whether Ms. Goss's Attorney Fees Judgment Claim should be treated as a priority domestic support obligation or as a nonpriority unsecured claim is not ripe for determination

Mr. Goss's confirmed Plan provides that all allowed priority claims will be paid in full. See Docket No. 53, at p. 2. The confirmed Plan further provides that all allowed nonpriority unsecured claims will be paid "a minimum 100%" plus 3% interest. See id. at pp. 2-3. In his objection to Ms. Goss's Claim No. 14, Mr. Goss does not object to the amount of the claim, he simply objects to its treatment as a priority domestic support obligation and submits that it should be allowed as a nonpriority unsecured claim in the full amount claimed. See Docket No. 82.

Since Mr. Goss is not entitled to a discharge in chapter 13 under the terms of his confirmed Plan until he has paid all allowed unsecured claims a minimum of 100% of the amount allowed plus 3% interest, he has to pay Ms. Goss's Attorney Fees Judgment claim in full in his chapter 13 case, whether it is treated as a priority domestic support obligation or as a nonpriority unsecured claim. In these circumstances, based on the record before me, I find that Mr. Goss's objection to Claim No. 14 attempts to establish a distinction without a difference in terms of how he is required to treat Ms. Goss's Attorney Fees Judgment claim under his confirmed Plan. If Mr. Goss moves to modify the Plan in the future, such a motion could present a live controversy, but in the present circumstances, I conclude that Mr. Goss's Objection to Claim No. 14 is not ripe for determination at this time. However, whatever the status of Claim No. 14 ultimately is determined to be, it is allowed as an unsecured claim in the amount of $37,054.55.

### Conclusion

Based on the foregoing findings of fact and conclusions of law, I will overrule Mr. Goss's Objection to Claim No. 11; I will deny Ms. Goss's Stay Motion at this time, without prejudice to renewal if Mr. Goss becomes delinquent in his support obligations or seeks to modify his confirmed Plan to the detriment of Ms. Goss; and I decline to decide Mr. Goss's Objection to Claim No. 14 as not ripe for determination. The Court will enter an order consistent with this Memorandum Opinion.

###

cc: Anthony Albertazzi
    Lawrence Erwin
    John A. Berge

Page 10 - MEMORANDUM OPINION